SAMUEL W. BEACH, complainant-appellant,

*v.*

WHARTON MINING COMPANY, JOHN S. PAUL, NEW JERSEY POWER AND LIGHT COMPANY et al., defendants-respondents.

[Submitted May term, 1940. Decided October 10th, 1940.]

*Mr. Thomas Tumulty* (*Mr. William P. Gannon,* of counsel), for the complainant-appellant.

*Messrs. Collins & Corbin* (*Mr. Clement K. Corbin* and *Mr. John J. Connell,* of counsel), for the defendants-respondents.

PER CURIAM.

This is an appeal from a decree of the Court of Chancery, entered upon the advice of Vice-Chancellor Kays, dismissing appellant's bill of complaint.

By his bill, complainant-appellant sought, among other things, a determination of his rights as a stockholder of the Hoff Mining and Realty Improvement Company (hereinafter referred to as Hoff Co.) in the property, both real and personal, sold by the trustees in dissolution of that company to the defendant, Wharton Mining Company. The other defendants are mainly grantees in title of the Wharton Mining Company to various parts of the lands in question.

The Hoff Co. became insolvent and was dissolved in the spring of 1922 by action of the directors and stockholders in accordance with the laws of New Jersey, and in December, 1922, at a public sale, which was duly advertised and of which all stockholders and all known creditors were given due notice, the property in question was sold to the highest bidder, the Wharton Mining Company, for $48,000 plus the assumption of mortgages thereon held by one Francis J. Arend in an amount of $56,475. The deed given so recited the consideration and had attached thereto $48 in federal revenue stamps.

It appears from the record that the only unpaid, unsecured creditors of Hoff Co. at the time of the sale were said Francis J. Arend with a claim of $118,784.76, Edward W. Beach and H. M. Beach with claims of $40,729.69 and $302.05, respec-

tively. The net proceeds of the sale were distributed *pro rata* among these creditors, leaving a balance of upwards of $114,000 unpaid on their claims.

The Wharton Mining Company had been formed solely for the purpose of purchasing the property of the Hoff Co. Its capital of $50,000 had been supplied by said Arend and said Edward W. Beach. The latter was not only a creditor of the Hoff Co. but also one of the stockholders and directors, although he did not sign the deed of conveyance as trustee in dissolution. One of the purposes of this procedure (which was engineered by Arend's New York attorney) was to enable Arend to take an income tax loss.

By reason of the determination of other issues by previous litigation, the learned vice-chancellor, with the consent of the solicitors for all parties appearing, limited the issue to the question as to whether there was any consideration paid said trustees in dissolution for the property by the Wharton Mining Company. The only witness produced by complainant was Arend's New York attorney. This witness testified to the facts stated above.

The final decree from which this appeal is taken, dismissed the bill of complaint and adjudged that the conveyance from Hoff Co. to Wharton Mining Company was valid against complainant to convey the title which the Wharton Mining Company thereby acquired, for the benefit of said company and all defendants and other persons acquiring titles, easements and rights of way based upon said conveyance.

Appellant argues that the whole procedure by which the property was sold to the Wharton Mining Company was a fraud upon the statute under which the trustees in dissolution were winding up the affairs of the Hoff Co.; that Arend's and not the corporations' interest was alone considered. The vice-chancellor did not find, nor do we find any fraud upon the statute, or otherwise. As to the main issue involved in this case, namely whether there was any consideration for the conveyance, the vice-chancellor found against complainant. With this finding we are in accord. There is nothing in the record contradicting the evidence of the complainant's only

witness, whose testimony clearly demonstrated that there was consideration paid said trustee in dissolution. If the trustees were derelict in their duties the complainant had his remedy against them in a proper proceeding. Appellant further urges that inasmuch as the Hoff Co. was insolvent, a receiver should have been appointed to wind up its affairs. The answer to this is that the statute is permissive. We find no statutory inhibition on the *power* of directors in dissolution proceedings to act as trustees in case of insolvency. Whether they have abused such power is another question.

Furthermore, we fail to see wherein complainant was harmed by any action taken. The Hoff Co. was hopelessly insolvent. The money received at the sale permitted only a twenty-eight per cent. payment on account of the claims of the general creditors. The stockholders, of which complainant was one, were completely out of the picture. While the transfer of the property from one corporation to another might appear suspicious, yet the testimony discloses that the purpose of this action in dissolution was two-fold, namely, to dissolve a corporation which was and had been for some time engaged in an unprofitable enterprise which had rendered it insolvent, and, secondly, to render tangible the loss which Arend, the main creditor of the Hoff Co. had sustained in the operation of the enterprise, so that it would be reflected as a credit for tax purposes. There was nothing illegal or improper in Arend's claiming such a credit.

The testimony shows that the dissolution of the Hoff Co. was accomplished in strict accordance with section 31 of the Corporation act (*Comp. Stat. p. 1619*). While it is true that Arend might have brought suit to foreclose his mortgages or have sought the benefit of sections 65 and 66 of said Corporation act, yet neither of these proceedings was mandatory and under neither of them would appellant have been in any better position than upon dissolution of the Hoff Co. under its directors. In fact, costs and fees were saved thereby.

In support of his contention that the dissolution proceeding under the guidance of the directors was not available to the Hoff Co. because of its insolvency, appellant cites *Hitch-*

*cock* v. *American Pipe and Construction Co., 89 N. J. Eq. 440; Reade* v. *Broadway Theatre Co., 99 N. J. Eq. 282; Riker and Son Co.* v. *United Drug Co., 79 N. J. Eq. 580,* and other cases. Our examination of these cases indicates that they are either not applicable to the instant case or readily distinguishable on their facts.

We think that appellant's contention is fully met by *Bijur* v. *Bijur Motor Appliance Co.* (*Chancery, 1923*), *1 N. J. Mis. R. 218; 121 All. Rep. 6,* wherein the Court of Chancery held that section 64 of the Corporation act was not violated by a sale of the property of an insolvent corporation by the directors when the sale is made in the manner provided by law for winding up the affairs of the corporation.

There is a recital in the decree in the instant case to the effect that this sale was in the nature of a judicial sale, and that complainant is now estopped from attacking the validity of the title which the purchaser thereby acquired.

We deem such a finding unnecessary to justify the decree below and express no opinion on the propriety thereof.

With this reservation, the decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.